**LIGHTFOOT  v.  WEIS et al.**

No. 14635.

United States Court of Appeals
Fifth Circuit.

May 11, 1954.

Rehearing Denied June 23, 1954.

Robert L. Carter, Constance Baker Motley, New York City, Arthur D. Shores, Birmingham, Ala., Thurgood Marshall, New York City, for appellants.

Frontis H. Moore, Andrew J. Thomas, Samuel H. Burr, Birmingham, Ala. (Burr, McKamy, Moore & Tate, Birmingham, Ala., of counsel), for appellees.

Before HOLMES and STRUM, Circuit Judges, and THOMAS, District Judge.

Barney Lightfoot, in pro. per.

Maurice F. Bishop, Birmingham, Ala., G. C. Dekle, Jr., Millen, Ga., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for a balance due on account of orders received from defendant to purchase and sell Cotton Future contracts.

Defendant, represented throughout the trial, though not on the appeal, by diligent and able counsel, denied that there was any balance due from him to plaintiffs as a result of their dealings, and alleged that, on the contrary, plaintiffs were indebted to him in the sum of $10,-618.61 plus the further sum of $5220 profits lost because, instead of *buying 500 bales of cotton, as defendant had instructed them to do, plaintiffs sold 500 bales in violation of defendant's instructions and directions.*

As appellant states in his brief, and as the record shows, it was in a pretrial conference recognized and admitted by all parties of record that the only question involved was one of fact, whether the defendant directed the plaintiffs to purchase or to sell five December contracts on December 7, 1951, and the order recited:

"If the defendant directed the plaintiff to sell said contracts, the plaintiff is entitled to full amount sued for. If the defendant instructed the plaintiff to purchase, then the defendant is entitled to recover."

Upon the issue thus fixed for determination, the cause was fully tried and submitted to a jury on a charge to which no exception was taken, and the jury finding that the defendant had instructed the plaintiffs to sell the contracts, and that the plaintiffs were, therefore, entitled to recover, judgment was entered on the verdict, and defendant has appealed in Propria Persona.

Here by brief prepared, and on oral argument conducted, by himself, his counsel having by agreement with him, communicated to the court, retired from the case, appellant, defendant below, specifying nine errors, seeks a reversal.

However, of the matters claimed as error, only one, the admission of the original toll ticket dealt with in specification No. One, was objected to at all or claimed as error, and this one was not properly objected to, nor was it objectionable. Moreover, appellant's attack upon the verdict, as without support in the evidence, presents nothing for our consideration because there was no motion for a directed verdict and no claim below that the verdict was without evidence to support it, and besides the record contains abundant evidence in its support.

Matters standing thus, the appellees have moved, under Rule 30, to affirm with damages on the ground that the appeal was taken merely for delay.

We agree with appellees that the appeal is without merit; that it presents nothing which entitles the appellant to relief; and that the judgment must be affirmed. However, in view of the fact that the appeal is taken by the defendant, a layman, and it is apparent both from his brief and his argument that, either from inability or unwillingness to see and understand that the trial was not attended with error, he feels aggrieved by the judgment, we do not think that this is a proper case for the application of the rule.

The judgment is, therefore, affirmed, but without penalty.

On Petition for Rehearing.

PER CURIAM.

Urging that: "the Court failed to note and consider that appellant did make a motion for a directed verdict R 31 R 248. Also that there was claim below that the verdict was without evidence to support it R 40"; appellant seeks a rehearing.

The Court did read and consider the whole record in connection with appellant's motion to affirm, and, reading and considering it, it took particular note of Record, pages 31 [1] and 248,[2] and, on the basis thereof, determined, as stated in its opinion, that "appellant's attack upon the verdict, as without support in the evidence, presents nothing for our consideration because there was no motion for a directed verdict and no claim below that the verdict was without evidence to support it, and besides the record contains abundant evidence in its support."

This determination was based on Rule 50, Federal Rules of Civil Procedure, 28 U.S.C.A.,[3] and the fact that not only were no grounds stated in connection with the completely perfunctory action shown in the record on the pages referred to, but it cannot be determined therefrom with any certainty just what defendant was moving for.

Record, page 40, to which petitioner refers, shows the motion for new trial. This occurring after verdict is not relevant on the point under discussion. In addition, a reference to it will show that the claim there made was not that the verdict was without support in the evidence but that it was against the clear weight of the evidence. Besides, as was clearly pointed out in the opinion, an examination of the record showed there was no basis whatever in the evidence for the claim that a verdict should be instructed.

The petition for rehearing is denied.

1. "After the introduction of all the plaintiffs' evidence, and the introduction of the defendant's evidence, the plaintiffs move the Court for a directed verdict in this cause, and for a directed verdict on counter-claim of defendant, and defendant moves the Court for a directed verdict on counter-claim of amendment, and said motions being considered and understood by the Court, they are hereby overruled and denied. Whereupon, the plaintiffs move the court by written motion for a directed verdict and for a directed on counter-claim of defendant, as amended, and said motions being considered and understood by the court same are hereby overruled and denied."

2. "Mr. Bishop: 'Before the case closes, Your Honor, we want to ask for a directed verdict for the plaintiff and also a directed verdict on the counter-claim.'

"The Court: 'Do you make the same motion gentlemen for the defendant?'

"Mr. Durrence: 'Yes, sir. We do.'

"The Court: 'Well, I overrule both of the motions and let it go to the jury. Bring the jury in gentlemen.'"

3. Rule 50. Motion for a Directed Verdict.

"* * * A motion for a directed verdict shall state the specific grounds therefor."